161 So.2d 213 (1964)
James Clyde LITTLE, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 32996.
Supreme Court of Florida.
March 4, 1964.
*214 James Clyde Little, in pro. per.
James W. Kynes, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
Petitioner James Clyde Little pleaded guilty to a charge of breaking and entering with intent to commit a misdemeanor. He was adjudged guilty on April 11, 1962 and sentenced to serve one year and eleven months in the state prison. On July 29, 1963, upon application of the petitioner, the trial court vacated the sentence petitioner was then serving and granted a new trial. On September 11, 1963 petitioner again pleaded guilty, was adjudged guilty, and was sentenced to serve two years in the state prison, less twenty-one days for time previously spent in the county jail. Thereafter the petitioner wrote to the public defender for the Ninth Judicial Circuit citing authority for his position that the Court must give credit on a newly imposed sentence for time previously spent under a void sentence. The public defender filed a Motion to Amend and Modify the sentence in the Criminal Court of Record, Orange County. The motion was denied, without comment.
Petitioner now seeks relief in this court from his current sentence contending that the second trial for the same offense placed him in double jeopardy and that the sentence is invalid for the reason that no credit was given and no mention made in the second judgment and sentence of the time that he had already served.
We cannot agree that the second trial for the same offense placed petitioner in double jeopardy. The former judgment was set aside at the instance of the petitioner because the judgment was void, therefore he cannot now claim double jeopardy. "In general, to constitute a proper basis for the claim of former jeopardy a proceeding must be valid, and if the proceedings are `lacking in any fundamental prerequisite which renders the judgment void' they will not constitute a proper predicate for such a claim." See Tilghman v. Mayo, 82 So.2d 136, Fla. 1955, and cases cited.
The contention of petitioner that his current sentence is void, is without merit. Every presumption is in favor of the correctness of the ruling of the trial court and when the judgment reflects that he imposed the sentence within the authority of the applicable statutes his ruling will not be disturbed. See Odom v. Barrett et ux., 67 So.2d 200, Fla. 1953. It is possible for the trial judge on resentencing to impose *215 a greater sentence than he imposed before, State ex rel. Rhoden v. Chapman, 127 Fla. 9, 172 So. 56, providing the total of the term on resentencing plus the prior time served (with gain time awarded) does not exceed the maximum allowed by statute. Tilghman v. Culver, 99 So.2d 282, Fla. 1957, and cited cases. Also see Perry v. Mayo, 72 So.2d 382, Fla. 1954; Tilghman v. Mayo, 82 So.2d 136, Fla. 1955; Vellucci v. Cochran, 138 So.2d 510, Fla. 1962. The combined current sentence of two years plus time previously served (and gain time awarded) does not exceed the five year maximum which could have been imposed under Section 810.05, Florida Statutes, F.S.A., for the offense committed by petitioner.
For the foregoing reasons we will not disturb the two year term of which petitioner now complains.
We are then confronted with the question of whether or not the trial judge, in imposing the new sentence, gave consideration to the time served under the voided sentence (plus any gain time previously awarded). This would be much simpler if the judgment imposing the new sentence had mentioned whether the trial judge was giving consideration to prior detention and hereafter the trial judges are respectfully requested to do so. This court is committed to the proposition that the petitioner at the time of resentencing was entitled to such credit,[1] and we must therefore assume that the trial judge performed his duty and did give such consideration at the time of resentencing. For the reasons stated, we will not disturb the new sentence under which the petitioner is now detained, and we cannot assume from the state of this record that the petitioner was not extended full consideration for the prior service at the time of the resentencing. Such clarification by the trial court would be in the interest of the justice of the cause and helpful in the event further appellate review in the future should be exigible.
The petitioner is therefore remanded to custody and the writ is discharged, but without prejudice to the right of the petitioner to file a new proceeding under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to have determined the question of whether or not due consideration was given, on imposing the new sentence, to the detention (and gain time awarded) under the old sentence. In the event such new proceeding is filed and it is determined that credit for prior detention was got given, the trial court should vacate the present sentence and enter a new sentence in accordance with this opinion.
It is so ordered.
DREW, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] See Perry v. Mayo, 72 So.2d 382, Fla. 1954, and Tilghman v. Mayo, 82 So.2d 136, Fla. 1955.