CARROLL, DONALD K., Judge.
A prisoner in our state prison has appealed from an order entered by the Criminal Court of Record for Duval County •denying his motion for post-conviction relief, filed pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix seeking to vacate and set aside his judgment of conviction and sentence.
The principal grounds stated in the appellant’s said motion as entitling him to such relief are two in number: first, that he was ■denied his constitutional right to the benefit •of counsel at his preliminary hearing and •arraignment; and, second, that the trial •court erred in refusing to credit him with the time he had served under a sentence imposed for an earlier but void conviction for the same offense.
The record on appeal shows that in 1958 the appellant was indicted for second degree murder, was tried and convicted, and sentenced to 35 years imprisonment in the state prison. The judgment was appealed to this court, and we reversed the judgment, as reported in Lassiter v. State, 118 So.2d 81 (1960).
Upon his conviction at the first trial, the appellant on April 21, 1959, commenced serving the said sentence and continued so to serve until he was re-sentenced on June 21, 1960, to the 20-year term under the second conviction. Thus he served 14 months of the sentence under the void conviction.
The first principal ground of the appellant’s motion — that he was deprived of his constitutional right to counsel at his preliminary hearing and arraignment — is not well founded, for in many decisions the courts of Florida have held that preliminary hearings and arraignments are not “critical steps” in a criminal prosecution in this state, and hence that an accused does not have the constitutional right to the benefit of counsel at such proceedings. See Baugus v. State, 141 So.2d 264 (Fla.1962), cert. den. 371 U.S. 879, 83 S.Ct. 153, 9 L.Ed.2d 117 (1962); Blake v. State, 163 So.2d 20 (Fla.App.1964); Marti v. State, 163 So.2d 506 (Fla.App.1964); Bell v. State, 164 So.2d 28 (Fla.App.1964), and Fauls v. State, 164 So.2d 35 (Fla.App.1964).
On the other hand, the second principal ground stated by the appellant in his motion seems to be fully supported by both law and justice. In fact, the State in its brief filed in this appeal, with commendable candor and forthrightness, concedes that this contention of the appellant “ * * * is not devoid of compelling authority. In point of fact it does appear that credit is due him in this regard.”
As to the said second ground, we think this appeal is controlled by the recent decision of the Supreme Court of Florida in Little v. Wainwright, 161 So.2d 213 (1964). In that case the petitioner for a writ of habeas corpus had pleaded guilty to a charge of breaking and entering with intent to commit a misdemeanor. He was adjudged guilty on April 11, 1962, and sentenced to serve one year and eleven months in the state prison. On July 29, 1962, the trial court vacated the sentence and granted a new trial. On September 11, 1963, Little pleaded guilty, was adjudged guilty, and sentenced to serve two years in the state prison, less 21 days for time previously spent in the county jail. Little then filed in the Supreme Court an original proceeding in habeas corpus seeking relief from the last-mentioned sentence, contending that the said sentence was invalid for failing to give credit for the time he had already served.
In discussing the merits of the petitioner’s said contention in Little v. Wainwright, supra, the Supreme Court recognized the rule in Tilghman v. Culver, 99 So.2d 282 (Fla.1957) and Tilghman v. Mayo, 82 So.2d 136 (Fla.1955), that the total of the term on resentencing plus the *161 prior term served (with gain time awarded) must not exceed the maximum allowed by-statute. The Supreme Court, however, pointed out that in the proceeding before it the combined current sentence of two years plus time previously served (and gain time awarded) did not exceed the five-year maximum which could have been imposed under Section 810.05, Florida Statutes, F.S.A., for the offense committed by Little. For that reason the Supreme Court said, it would not disturb the two-year term. The court then concluded its opinion as follows:
“We are then confronted with the question of whether or not the trial judge, in imposing the new sentence, gave consideration to the time served under the voided sentence (plus any gain time previously awarded). This would be much simpler if the judgment imposing the new sentence had mentioned whether the trial judge was giving consideration to prior detention and hereafter the trial judges are respectfully requested to do so. This court is committed to the proposition that the petitioner at the time of re-sentencing was entitled to such credit, and we must therefore assume that the trial judge performed his duty and did give such consideration at the time of resentencing. For the reasons stated, we will not disturb the new sentence under which the petitioner is now detained, and we cannot assume from the state of this record that the petitioner was not extended full consideration for the prior service at the time of the resentencing. Such clarification by the trial court would be in the interest of the justice of the cause and helpful in the event further appellate review in the future should be exigible.
“The petitioner is therefore remanded to custody and the writ is discharged, but without prejudice to the right of the petitioner to file a new proceeding under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to have determined the question of whether or not due consideration was given, on imposing the new sentence, to the detention (and gain time awarded) under the old sentence. In the event such new proceeding is filed and it is determined that credit for prior detention was not given, the trial court should vacate the present sentence and enter a new sentence in accordance with this opinion.”
In the case at bar the appellant filed this proceeding under Florida Criminal Procedure Rule No. 1, a procedure approved by our Supreme Court in the last paragraph quoted above as appropriate for this purpose. In one respect, however, the present case differs from that before the Supreme Court in Little v. Wainwright, supra, in which the combined current sentence of two years plus the time previously served and gain time awarded did not exceed the five-year maximum sentence that could have been imposed under the statute for the offense committed by the petitioner, Little. In such a situation the Supreme Court could not, of course, hold as a matter of law that the trial court in fixing the term of the current sentence had not given the petitioner credit for the time previously served under the void sentence and the gain time awarded.
In the case at bar the appellant was tried and convicted at the second trial of the crime of manslaughter, and sentenced to imprisonment in the state prison for a term of twenty years. Section 782.07, Florida Statutes, F.S.A., defines the crime of manslaughter and provides that a person convicted of such crime “shall be punished by imprisonment in the state prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars.”
In sentencing the appellant to twenty years in the state prison, the absolute maximum sentence for the offense of *162 which the appellant was convicted, the trial court, of course, failed to give to the appellant any credit for the 14 months which he had served under the sentence which was voided by a judgment of our court. Such credit is essential to the legality of the current sentence under the principles recognized in Tilghman v. Mayo, 82 So.2d 136 (Fla.1955), and Little v. Wainwright, supra. Unlike the latter case, there is no claim here that the appellant is also entitled to credit for “gain time awarded.”
Accordingly, the order appealed from must be, and it is, reversed, and the cause is remanded with instructions to vacate the present sentence and enter a new sentence in accordance with this opinion.
Reversed and remanded with directions.
STURGIS, C. J., and RAWLS, J., concur.