PER CURIAM.
Ably represented by the Public Defender, the defendant William Baker was tried by jury and found guilty of the crime of robbery. Consequently upon judgment and sentence for life, he appeals.
The procedural aspects of the case disclose that the defendant was originally sentenced to twenty years upon a plea of guilty. Subsequently the defendant in pro-pria persona filed a motion to “quash charges.” The motion was treated as a petition for post-conviction relief under Criminal Procedure Rule No. 1; and the court, having concluded that the judgment and sentence were vulnerable to collateral attack, vacated judgment and sentence and ordered that the defendant be returned to St. Lucie County where he was tried on the pertinent information.
The defendant raises ten points on appeal. He first urges that after his initial *574 judgment of conviction was set aside as^ void, the, new trial for the same offense placed him in double jeopardy. This is without merit. See Little v. Wainwright, Fla.1964, 161 So.2d 213.
The defendant next charges that he was arrested without probable cause. The record, however, discloses that the arresting officer had reasonable ground for believing that the defendant had committed or was committing a felony. See Melton v. State, Fla. 1954, 75 So.2d 291, 293; Section 901.15 Fla.Stat, F.S.A.
The remaining points are without merit. The cases cited by the defendant on those points either have no factual application or merely cite general rules of law the requirements of which have been met in this case. The judgment is accordingly affirmed.
Affirmed.
SMITH, C. J., and WHITE and ANDREWS, TJ., concur.