ALLEN, Acting Chief Judge.
On March 13, 1964, the defendant was charged by information with Breaking and Entering and Grand Larceny. The defendant pleaded guilty to Breaking and Entering and Petit Larceny. He was sentenced to five years in the. State Penitentiary.
The defendant filed an appeal to the Second District Court of Appeal of Florida, based on the denial by the trial court of his Motion to Vacate Judgment and Sentence. This court, in an earlier opinion, reversed the lower court and granted the Motion to Vacate Judgment and Sentence. Fla.App., 177 So.2d 75.
On December 14, 1965, the defendant was found guilty by jury verdict to Breaking and Entering and Grand Larceny and sentenced to seven years in the State Penitentiary. On May 1, 1967, the defendant again brought a Motion to Vacate Judgment and Sentence which was denied by the trial court on May 18, 1967.
Defendant appeals from the order denying his motion for post conviction relief, filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The principal ground on which appellant bases his appeal is whether or not the trial judge, in imposing the new sentence, gave consideration for the time served under the voided sentence (plus any gain time previously awarded).
The rule has been set down that any time which a defendant serves under a void judgment and sentence thereof, that he receive credit for the time he served under said void sentence, along with any gain time which he earned while incarcerated. Perry v. Mayo, Fla.1954, 72 So.2d 382; Tilghman v. Culver, Fla.1957, 99 So.2d 282.
Under Fla.Stats. § 810.02, F.S.A., the defendant could have been sentenced to a maximum of fifteen years for the crime with which he was charged and convicted. As previously mentioned, the appellant was sentenced to only seven years.
In the case of Little v. Wainwright, Fla.1964, 161 So.2d 213, the fact situation is quite similar to the case sub judice. Petitioner Little pleaded guilty to a charge of breaking and entering with intent to commit a misdemeanor, was adjudged guilty and was sentenced to serve one year and eleven months in the state prison. The trial court vacated the sentence of petitioner and granted a new trial. Petitioner then again pleaded guilty and was sentenced to two years, in the state prison, less twenty-one days for the time previously spent in the *26 county jail. Justice Roberts of the Supreme Court stated in the opinion:
“ * * * It is possible for the trial judge on resentencing to impose a greater sentence than he imposed before, * * * providing the total of the term on re-sentencing plus the prior time served (with gain time awarded) does not exceed the maximum allowed by statute.”
The appellant . contends that credit for the time served was not given even though the sentence was well within the maximum allowed by statute and that the trial judge did not consider the time served by the appellant in imposing the new sentence.
In the Little case, supra, the opinion further states:
“We are then confronted with the question of whether or not the trial judge, in imposing the new sentence, gave consideration to the time served under the voided sentence (plus any gain time previously awarded). This would be much simpler if the judgment imposing the new sentence had mentioned whether the trial judge was giving consideration to prior detention and hereafter the trial judges are respectfully requested to do so. This court is committed to the proposition that the petitioner at the time of resentencing was entitled to such credit, and we must therefore assume that the trial judge performed his duty and did give such consideration at the time of resentencing. For the reasons stated, we will not disturb the new sentence under which the petitioner is now detained, and we cannot assume from the state of this record that the petitioner was not extended full consideration for the prior service at the time of the resentencing. Such clarification by the trial court would be in the interest of the justice of the cause and helpful in the event further appellate review in the future should be exigible.
“The petitioner is therefore remanded to custody and the writ is discharged, but without prejudice to the right of the petitioner to file a new proceeding under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to have determined the question of whether or not due consideration was given, on imposing the new sentence, to the detention (and gain time awarded) under the old sentence. In the event such new proceeding is filed and it is determined that credit for prior detention was not given, the trial court should vacate the present sentence and enter a new sentence in accordance with this opinion.”
In appellant’s Motion to Vacate under consideration before us, it is pointed out specifically in paragraph four this alleged error:
“Petitioner states that the Court erred by not giving him credit for the time he served from February 26, 1964, until September 15, 1965.”
The trial court denied this motion to vacate already brought by appellant under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
From this part of the record it can be seen that the trial court had notice of the alleged error. If the time already served by appellant had not been considered in imposing the new sentence, the trial court could have corrected it on appellant’s motion to vacate. We must assume that the trial court did consider the time already served by appellant. The new sentence imposed upon the appellant was well within the maximum allowed by statute.
For the foregoing reasons we affirm the ruling of the court denying appellant’s Motion to Vacate Judgment and Sentence.
Affirmed.
PIERCE and HOBSON, JJ., concur.