214 So.2d 101 (1968)
Tommy Lee MILES, Appellant,
v.
STATE of Florida, Appellee.
No. 68-18.
District Court of Appeal of Florida. Second District.
September 18, 1968.
Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Defendant is appealing a judgment and sentence entered upon his plea of guilty to the charge of manslaughter. The defendant was charged with second degree murder. On the day of trial, defendant appeared with counsel and plead guilty to the crime of manslaughter. The trial judge, after an investigation of defendant's background and of the facts of the case, sentenced defendant to twenty years imprisonment. Furthermore, the judge stated that defendant would not receive credit for time served in jail prior to entry of judgment and sentence. Under § 782.07, Florida Statutes, F.S.A., the maximum term of detention that can be imposed for the crime of manslaughter is twenty years. The defendant contends that this maximum was erroneously exceeded due to the trial court's failure to credit him for time spent in jail prior to entry of judgment and sentence.
Florida Statute § 921.161(1), F.S.A. provides:
"No court, officer, or agency shall have any authority to cause a sentence to imprisonment to begin running at any time prior to the date it is imposed. However, a judge imposing such a sentence may allow the defendant credit thereon for all or any part of the time spent by him in the county jail prior to sentence, provided that any such allowance must be for a specified length of time and it may be provided for in the sentence or by order thereafter made during the same *102 term of court at which the sentence is imposed."
A reading of the above quoted statute discloses that the decision concerning credit for jail time is one of judicial discretion and the defendant is not entitled, as a matter of right, to credit for such time. See 24B C.J.S. Criminal Law § 1995(5). The statute further discloses that the sentence of imprisonment cannot "begin running at any time prior to the date it is imposed." Therefore, defendant's term of imprisonment begins upon sentencing and time spent by defendant in jail prior to sentencing is not a part of that sentence unless credit is expressly given by the trial judge.
The defendant's other contention has been considered and found to be without merit.
The judgment and sentence are affirmed.
LILES, C.J., and ALLEN and HOBSON, JJ., concur.