MANN, Judge
(dissenting).
Miles v. State, Fla.App.1968, 214 So.2d 101, is precisely in point, holding that an indigent appellant is not entitled to credit for time spent in jail awaiting trial although he was given the maximum sentence allowed for the offense. That decision was based simply on Fla.Stat. § 921.-161(1) (1969), F.S.A., which makes the allowance of credit discretionary.
That was before Williams v. Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed. 2d 586. I would overrule Miles in the light of Williams. That case held that the Constitution forbids holding an indigent for longer than the maximum term permissible for the substantive offense if he is unable to pay a fine. Mr. Chief Justice Burger spoke there for a unanimous court, and if the analogy to this case is not near perfect I cannot understand why:
“We conclude that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination which rests on ability to pay, * * *”
“ * * * we conclude that an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by the statute regulating the substantive offense.”
“ * * * We hold only that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. * * *”
“ * * * We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.” (90 S.Ct. 2022, 2023)
Albury’s status differs from that of Williams only in that Albury’s additional imprisonment resulted from his inability to make bail. I think this case is clearly within the spirit of the Supreme Court’s ruling in Williams.
Further, I think that Miles was wrongly decided. It was certainly poorly briefed, *143 because none of the many cases[1] in which our Supreme Court has indicated that one sentenced after a second trial is entitled to consideration of time served under a prior void sentence was brought to this court’s attention. If time served under a void sentence should be considered, it seems that time served in jail under no sentence at all should likewise be taken into account. Certainly this is true where the aggregate confinement exceeds the maximum allowed by law as punishment for the offense.
I respectfully dissent.

. See Tilghman v. Mayo, Fla.1955, 82 So.2d 136; Tilghman v. Culver, Fla.1957, 99 So.2d 282; Little v. Wainwright, Fla. 1964, 161 So.2d 213. See also Lassiter v. State, Fla.App.1964, 166 So.2d 159.