287 So.2d 368 (1973)
Charles Arthur GELIS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-565.
District Court of Appeal of Florida, Second District.
December 12, 1973.
*369 W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Since this court decided Miles v. State, Fla.App.2d 1968, 214 So.2d 101 and Albury v. State, Fla.App.2d 1971, 246 So.2d 141, it has become clear that one sentenced to a maximum term must be given credit for time spent in jail awaiting trial where the pre-trial detention was a consequence of the prisoner's indigency. Hart v. Henderson, 5th Cir.1971, 449 F.2d 183; Hill v. Wainwright, 5th Cir.1972, 465 F.2d 414. Cf. Cobb v. Bailey, 5th Cir.1972, 469 F.2d 1068 (non-bailable offense affords no constitutional right for credit where indigency is irrelevant). See also White v. Gilligan, S.D.Ohio 1972, 351 F. Supp. 1012; Parker v. Bounds, E.D.N.C. 1971, 329 F. Supp. 1400; Culp v. Bounds, W.D.N.C. 1971, 325 F. Supp. 416; Ham v. North Carolina, 4th Cir.1973, 471 F.2d 406. Accordingly we recede from Miles and Albury.
Gelis was given a maximum sentence of 15 years for the crime of breaking and entering with the intent to commit grand larceny and 5 years concurrent for the larceny. We held in Edmond v. State, Fla. App., 1973, 280 So.2d 449, that cumulative punishment for breaking and entering with intent to commit grand larceny and the grand larceny itself, which is proved as an element of the breaking and entering, tripling the punishment therefor, is offensive to the purpose of the single transaction rule. Therefore, the failure to give Gelis credit for pre-trial incarceration, if his being in jail was the consequence of indigency, was error, because it resulted in a sentence exceeding the maximum.
We hold that the summary denial of Gelis' petition for post-conviction relief was erroneous. This cause is reversed and remanded with directions for further proceedings in accordance with this opinion.
MANN, C.J., and McNULTY and GRIMES, JJ., concur.