ANSTEAD, Judge.
The appellant, Herbert W. Wilson, is here seeking the reversal of an order deny *32 ing his motion to correct his sentence. We will treat this as an appeal from a motion for post-conviction relief pursuant to Fla.R. Crim.P. 3.850.
Wilson was convicted,of robbery and sentenced to the maximum punishment provided therefor, life imprisonment. He was given no credit for time served in jail prior to conviction. He did not raise this issue by direct appeal and normally would be precluded from doing so now. Heilman v. State, 310 So.2d 376 (Fla. 2d DCA 1975). However, he contends that he was unable to make bail solely because of his indigency. If he is correct he would be entitled to credit for his pretrial detention despite his failure to previously appeal. Hill v. Wainwright, 465 F.2d 414 (5th Cir. 1972); Gelis v. State, 287 So.2d 368 (Fla. 2d DCA 1973). He is entitled to a determination as to whether his pretrial detention was a consequence of his indigency and if it was he is entitled to credit for time served. The reason for this rule is articulated in Gelis, supra:
Therefore, the failure to give Gelis credit for pre-trial incarceration, if his being in jail was the consequence of indigency, was error, because it resulted in a sentence exceeding the maximum.
While Wilson was sentenced to life imprisonment, his receipt of credit for time served could affect the time at which he becomes eligible for parole. Sutton v. State, 334 So.2d 628 (Fla. 4th DCA 1976).
Accordingly, this cause is hereby reversed and remanded to the trial court for further proceedings in accordance with this opinion.
DAUKSCH and LETTS, JJ., concur.