COBB, Judge.
This appeal is from a summary denial of a Florida Rule of Criminal Procedure 3.850 motion for reduction of sentence. Cooper alleged that in 1966 he was given an indeterminate sentence of six months to fifteen years for the crime of breaking and entering with intent to commit grand larceny, that his sentence did not include credit for 170 days served prior to sentencing, and that he was held in jail the entire period solely because of indigency.
A defendant who was indigent and unable to post bond during the term of his incarceration prior to sentencing must be given credit for jail time when the maximum sentence was imposed. Hill v. Wainwright, 465 F.2d 414 (5th Cir. 1972); Cf. Cobb v. Bailey, 469 F.2d 1068 (5th Cir. 1972) (non-bailable offense affords no constitutional right for credit where indigency is irrelevant). Even if a defendant is sentenced to less than the maximum, the inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum. Matthews v. Dees, 579 F.2d 929 (5th Cir. 1978) (held petitioner entitled to credit for portion of pre-sentence confinement so that total incarceration would not exceed twenty years, where petitioner was sentenced to nineteen years, twenty years being the maximum); see also Ham v. State of North Carolina, 471 F.2d 406 (4th Cir. 1973). There is a federal constitutional right not to be subjected to imprisonment beyond the statutory maximum solely because of indigency. See Williams v. Illinois, 399 U.S. 235, at 241-242, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). “[I]t is the excess of total imprisonment over the statutory maximum with which the courts are concerned.” Matthews v. Dees, supra at 931; see also Wilson v. State, 358 So.2d 31 (Fla. 4th DCA 1978); Gelis v. State, 287 So.2d 368, 369 (Fla. 2d DCA 1973).
We hold that the summary denial of Cooper’s petition for postconviction relief was erroneous. Accordingly, the order denying hearing is vacated and this cause is *201 remanded with directions that the trial court, within thirty days from the date hereof, determine the indigency issue and, if appropriate, correct the sentence by crediting the 170 days.
VACATED and REMANDED.
UPCHURCH and SHARP, JJ., concur.