PER CURIAM.
We reverse the orders of the trial court which (1) revoked Stearns’ probation, and (2) adjudged him guilty of the crime of grand theft and sentenced him to five years in prison.
The revocation hearing was held on June 26, 1981, and the trial judge entered the order which revoked Stearns’ probation on that date. However, the judgment and sentence were entered and filed with the clerk one week earlier on June 19, 1981. Section 948.06, Florida Statutes (1979) mandates that a judgment and sentence be entered only after probation has been revoked. This was not done.
Accordingly, we reverse the orders entered by the trial court and remand for a new revocation hearing. Because of our disposition, we need not address the other point Stearns raises. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979).
We reverse and remand for further proceedings consistent with this opinion.
GRIMES, A. C. J., and RYDER and DANAHY, JJ., concur.