SANDERLIN, Judge.
This is an appeal from the denial of defendant’s “motion to give credit for time served.” We treat this as an appeal from a motion for post-conviction relief, and reverse.
In 1979, defendant pleaded guilty to second-degree grand theft and was placed on five-years probation in Case No. 79-1878. In 1981, defendant’s probation was revoked and he was sentenced to five-years imprisonment. This court reversed that revocation order in 1982. See Steams v. State, 412 So.2d 969 (Fla. 2d DCA 1982). On July 21, 1982, defendant was reinstated on probation.
In 1983, defendant’s probation was again revoked and he was placed on community control for two years. An affidavit of violation of community control was filed in 1985. At the revocation hearing, defendant, pursuant to a plea negotiation, admitted the violations and was sentenced to five-years imprisonment, with credit for 81 days. Defendant also pleaded guilty to one count each of aggravated assault and carrying a concealed firearm in Case No. 85-1782, and was sentenced to concurrent terms of five-years imprisonment, also to run concurrently with the sentence in Case No. 79-1878.
Thereafter, defendant filed the present motion to give credit for time served, alleging that he was entitled to: (1) 13 months for time spent in prison following the initial probation revocation and before the revocation order was reversed by this court; (2) 8V2 months earned gain time; and (3) 6 weeks for time spent in county jail in 1983. After an evidentiary hearing on the motion, the trial court stated:
When he [violated probation] the second time, the fact that he has already served thirteen months on the first violation, even overturned, he should not get credit for that. That is just unfortunate ... but a part of the system.
Accordingly, the trial court denied the motion.
It is apparent that the trial court was laboring under the misconception that appellant could not receive credit for time served or accrued gain time because he had committed a second probation violation.
In Milligan v. State, 207 So.2d 24 (Fla. 2d DCA 1968), this court stated:
The rule has been set down that any time which a defendant serves under a void judgment and sentence thereof, that he receive credit for the time he served under said void sentence, along with any gain time which he earned while incarcerated. [Citations omitted.]
Id. at 25 (emphasis added).
In Milligan, the defendant’s prior sentence had been vacated, and he was thereafter tried and sentenced again. He filed a motion to vacate this latter sentence on the basis that the trial court had not given him credit for time served under the earlier vacated sentence. The trial court denied this motion. While recognizing the above-cited general rule, this court nevertheless affirmed the trial court’s denial of the motion because it found that the defendant’s sentence was well within the statutory maximum and he had not demonstrated that the trial court had not considered the time served in calculating the present sentence. This court then assumed that the trial court had considered the time the defendant already served. Id. at 26. See *984 also Little v. Wainwright, 161 So.2d 213 (Fla.1964).
In the present case, the trial court sentenced appellant to the maximum statutory term. See §§ 775.082(3)(d) and 812.-014(2)(b), Fla.Stat. (1985). Therefore, it is clear that the trial court did not consider the time defendant previously served in calculating his sentence. See Lassiter v. State, 166 So.2d 159 (Fla. 1st DCA 1964). Further, we have found no support for the trial court’s view that defendant was not entitled to time served and accrued gain time in his earlier incarceration because he violated probation a second time.
Accordingly, we remand to the trial court for entry of a new sentencing order in Case No. 79-1878 reflecting proper credit for time served and any accrued gain time.
DANAHY, C.J., and SCHEB, J., concur.