Miguel **RODRIQUEZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25170.

United States Court of Appeals
Fifth Circuit.

May 17, 1968.

Miguel Rodriquez, Leavenworth, Kan., pro se.

No formal appearance entered for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

Miguel Rodriquez (appellant) and two co-defendants were convicted of knowingly receiving, concealing, and facilitating the transportation and concealment of approximately 101 pounds of marijuana in violation of 21 U.S.C. § 176a. The penalty provision of this section states that one convicted thereunder shall be imprisoned for "not less than five or more than twenty years and, in addition, may be fined not more than $20,000." Each of appellant's co-defendants received five year sentences but appellant was sentenced to imprisonment for twelve years. He filed a motion to reduce or modify this sentence pursuant to Rule 35, F.R.Cr.P., in the United States District Court for the Western District of Texas. The motion was denied and Rodriquez has prosecuted this appeal in forma pauperis and without appointed counsel.

The question of appellate review of sentencing has recently received much advocacy as a needed reform to prevent unjustifiable disparities in the sentences meted to co-defendant.[1] The arguments pro and con for such a review have almost universally been left to the legislative branch of government. Appellate courts have generally refused to disturb the trial court's discretion in this matter unless the punishment is so disproportionate to the offense committed and to the sentences received by co-defendants "as to be completely arbitrary and shocking to the sense of justice and thus to constitute cruel and unusual punishment in violation of the Eighth Amendment. See Rogers v. United States, 5 Cir. 1962, 304 F.2d 520." Boerngen v. United States, 326 F.2d 326, 329 (5 Cir. 1964). The universality of court decisions in refusing appellate review of sentences led Judge Stone to comment in the case of Gurera v. United States, 40 F.2d 338, 340 (8 Cir. 1930):

"If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute."

Finding no abuse in the discretion exercised by the trial court in passing sentence, we affirm. Zaffarano v. Blackwell, 383 F.2d 719 (5 Cir. 1967) and other cases cited therein.

Affirmed.

---

1. See for example the recent article by Judge Stanley A. Weigel of the United States District Court for the Northern District of California. Weigel, Appellate Revision of Sentences: To Make the Punishment Fit the Crime, 20 Stan.L.Rev. 405 (Feb. 1968).