**Joseph N. GREMILLION, Plaintiff-Appellant,**

**v.**

**C. Murray HENDERSON, Warden, Defendant-Appellee.**

**No. 28851**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 15, 1970.

Joseph Gremillion, pro se.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's denial of the petition of Joseph N. Gremillion, a Louisiana state prisoner, for a writ of habeas corpus. We affirm.[1]

Appellant contends that he is entitled to credit for nine months and thirteen days of time spent in custody prior to sentencing. He was convicted in the Nineteenth Judicial District Court in East Baton Rouge Parish, upon his plea of guilty, of armed robbery; and he was sentenced to serve ten years, whereas the maximum imposable sentence was ninety-nine years.[2] The sentencing court could have awarded the appellant credit for his presentence jail time, but did not do so. La.C.Cr.P., Art. 880.

Even if we asume that the conclusive presumption [3] applied in federal

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir., 1969, 417 F.2d 526, Part I.

2. La.Cr.C., Art. 64.

3. See Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764.

cases is not controlling here, because the record shows beyond doubt that credit was not given, there is no federal constitutional right to credit for time served prior to sentence. In the absence of a statute requiring that such credit be given, the matter is within the discretion of the sentencing judge. Here there is a statute but it specifically gives the judge complete discretion.[4] Thus we find no custody in violation of the United States Constitution and therefore no claim cognizable on a federal writ of habeas corpus.

Affirmed.

---

4. We note that the statute here, unlike that in Stapf v. United States, 1966, 125 U.S. App.D.C. 100, 367 F.2d 326, does not impose an arbitrary classification.