LILES, Acting Chief Judge.
Appellant was charged with larceny of an automobile, and entered a plea of guilty. He was sentenced to three years in prison. Prior to the sentencing, he had spent 116 days in jail. After his imprisonment for the three year term, appellant filed a motion asking the trial court to give him credit for the 116 days previously spent in jail. The trial court denied this motion and the appellant entered this appeal.
Florida Statute 921.161, F.S.A. is controlling on this point. This statute reads in pertinent part as follows:
“However, a judge imposing such a sentence may allow the defendant credit thereon for all or any part of the time spent by him in the county jail prior to sentence.” (Emphasis added.)
This statute makes it clear that the granting of credit for jail time served prior to sentencing is a matter within the discretion of the trial judge. We do not believe the trial judge abused his discretion under the statute.
Appellant relies on Dunn v. United States, 4th Cir. 1967, 376 F.2d 191, as requiring credit for present custody. Dunn applies to federal crimes wherein the offense is against the United States government as distinguished from those offenses where the defendant is sentenced pursuant to and under the authority of the State of Florida. This court in Miles v. State, Fla. App.1968, 214 So.2d 101, held that a defendant was not entitled, as a matter of right, to credit for pre-sentence jail time.
The Miles case and the Florida statute are controlling in this matter. For these reasons the judgment and sentence of the trial judge is therefore affirmed.
HOBSON and McNULTY, JJ., concur.