Cecil T. HART, Petitioner-Appellant,

C. Murray HENDERSON, Warden,

v.

Respondent-Appellee.

No. 71–1299

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1971.

Cecil T. Hart, pro se.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Cecil T. Hart, a Louisiana prisoner, appeals from an order of the district court denying his petition for the writ of habeas corpus.

The appellant was arrested on July 27, 1968, and remained incarcerated until his trial and sentencing some eight months later. He was convicted by a jury of simple burglary, a violation of La.R.S. 14:62, and was sentenced on March 28, 1969, to nine years imprisonment, the maximum term provided by the statute. His direct appeal was withdrawn almost five months later, on August 19, 1969.

After exhausting the post-conviction remedies provided by the State of Louisiana, appellant filed his petition for the writ of habeas corpus in the court below. As grounds for relief he alleged that he was assessed the maximum sentence because he exercised his right to trial by jury, while a co-defendant who pled guilty was sentenced to only five years. Appellant also complained that his sentence is unconstitutionally excessive because he was not given credit thereon for time spent in custody awaiting trial [1] as well as pending his direct appeal. The district court denied relief without an evidentiary hearing, stating that the petition failed to present an issue of constitutional proportions. As to the first allegation, we agree and affirm. As to the second contention, we vacate and remand for further proceedings as indicated.

I

■ The appellant's mere allegation that he was assessed a longer sentence than his co-defendant who pled guilty does not suffice to show that he was illegally punished for exercising his right to trial by jury. Baker v. United States, 5th Cir. 1969, 412 F.2d 1069; see also Rodriguez v. United States, 5th Cir. 1968, 394 F.2d 825; Lucio v. United States, 5th Cir. 1968, 394 F.2d 511. Accordingly, we affirm the district court's judgment as to this issue.

II

Appellant's claim to credit on his sentence for jail time pending direct appeal presents a substantial federal question. In Robinson v. Beto, 5th Cir. 1970, 426 F.2d 797, this Court held that a Texas state prisoner who received a maximum sentence was entitled to credit for time spent in the county jail pending his direct appeal. We quote from that opinion:

"It is clear that under the Texas procedure, only those who appeal their convictions run the risk of longer imprisonment. Those who choose not to appeal begin to serve their sentence on the day sentence is pronounced. [Citations omitted] Those who choose to appeal, however, begin their sentence on the date the Court of Criminal Appeals issues its mandate. [Citations omitted] After issuance of the mandate, the sentencing judge may or may not resentence the defendant, giving him credit for whatever time he has spent in jail pending the appeal. This statutory scheme tends to impede open and equal access to appellate review since it may deter a defendant from appealing because of a fear that the sentencing judge will not give him credit for the time he has spent in jail pending appeal."

■ Art. 913, La.C.Crim.P., contains provisions similar to the Texas articles discussed in *Robinson*. Therefore, ap-

---

1. Art. 880, La.C.Crim.P., as amended by Acts 1970, No. 285 § 1, now makes it mandatory to give a defendant credit for pre-sentence custody.

pellant is entitled to credit on his sentence for the time spent in jail pending direct appeal. However, the record in its present state fails to disclose the starting date of appellant's sentence. Since it is possible that such credit has already been granted by the state, we vacate the judgment below and remand to the district court for further determination of the facts.

### III

Appellant may also be entitled to credit for pre-trial jail time, but first additional facts are essential for our edification. For what reason or reasons was Hart not released on bail bond pending trial? Was bond set or denied? Was he an indigent and unable to make bond? What occasioned the delay of eight months before he was finally brought to trial? Was this a "normal" delay due to overcrowded dockets? Would a more prompt disposition of the case have been made had appellant not demanded trial by jury?

The courts have long worked at eliminating statutes which in operation discriminate against the indigent. In Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the Supreme Court held that an indigent criminal defendant must be provided with a trial transcript at public expense for the purpose of prosecuting an appeal. In its opinion the Court stated, "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Id. p. 19, 76 S.Ct. p. 591. In Smith v. Bennett, 1960, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, Iowa statutes were held to deny an indigent state prisoner equal protection of the laws where they required payment of a filing fee before an application for the writ of habeas corpus or the allowance of an appeal therefrom would be docketed. Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, held that indigent defendants in state criminal proceedings who had been denied assistance of court-appointed counsel on direct appeal, had been denied the equal protection guaranteed by the Fourteenth Amendment. Rinaldi v. Yeager, 1966, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577, held the equal protection clause was violated by a New Jersey statute requiring an unsuccessful criminal appellant who was incarcerated to reimburse the county for the cost of his trial transcript from his institutional earnings.

■ Two recent cases by the Court have spoken even more specifically to the questions raised in the case at bar. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 670, 28 L.Ed.2d 130 (1971) held that a criminal defendant may not be "subjected to imprisonment solely by reason of his indigency" under a practice which permitted a defendant with financial ability to discharge a penalty imposed upon conviction by payment of a fine, while at the same time converting such a fine to imprisonment for one who lacked ability to pay. In Williams v. Illinois, 1970, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586, Williams received the maximum sentence of imprisonment provided for the offense he committed, together with a fine. His poverty prevented the payment of the fine, yet his imprisonment was continued. The Court, in declaring the imprisonment for non-payment invalid, held that a state "may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine." Similarly, we hold here that the inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum.

■ Considering the issue from another side, we are conscious of practices which discourage criminal defendants and prisoners from exercising their constitutional rights by the threat of extending their sentences. In North Caro-

lina v. Pearce, 1969, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656, the Supreme Court ruled that although there is no absolute constitutional bar to the imposition of a more severe sentence where a defendant is reconvicted after he has been successful in having his original conviction set aside, "it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." Ibid., pp. 723–724, 89 S. Ct. p. 2080. In Robinson v. Beto, supra, this Court found that the Texas statutory scheme tended to inhibit appellate review, discouraging defendants from appealing for fear that they would not receive credit for time spent in jail pending appeal. Such would also be the case where a defendant, by exercising his right to a trial by jury, confronts the risk of losing credit for the time spent in jail awaiting trial and further finds that for exercising this right, his pretrial incarceration is extended. Clearly, the defendant would have been penalized for exercising his constitutional rights. Such impediments serve to discourage the exercise of one of the most basic constitutional rights, a practice we find impermissible.

As to these issues, we vacate the judgment below and remand the case to the district court for its reconsideration in light of *Williams* and *Pearce*. The district court may, in its discretion, appoint counsel for appellant and direct an evidentiary hearing be conducted if that court finds that the state record does not contain sufficient information upon which to base its ruling.

Affirmed in part, vacated and remanded in part.