**Marvin Lee HILL, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 72–1997
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Marvin L. Hill, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuiit Judges.

PER CURIAM:

Marvin Lee Hill, a prisoner of the State of Florida, has taken this appeal from the district court's denial of his petition for habeas corpus relief, wherein he sought credit for certain time spent in custody prior to being sentenced. We vacate the ruling below, and remand for further proceedings.

The appellant was convicted upon trial by jury of attempted robbery and aggravated assault. He was sentenced on February 12, 1970 to serve five years for each offense, the sentences to be served consecutively. Five years is the maximum prison term imposable for each of these offenses.[1] The trial court gave Hill credit for 30 days of the approximately 83 days which he spent in custody prior to sentencing.

Appellant Hill filed a motion to vacate the sentence[2] in the state trial court, seeking either vacation of his sentences or credit for the rest of the presentence jail time. Relief was denied on the merits; and the appropriate District Court of Appeal granted the State's motion to quash the appeal on grounds that it was frivolous. The record before us shows that Hill has adequately exhausted his available State remedies on the point, as required by the provisions of 28 U.S.C. § 2254(b).

In his motion to vacate filed in the sentencing court, and in his brief on this appeal, Hill has alleged that he was indigent during the time of his presentence custody. No allegation of indigence during that time was made in the appellant's federal habeas petition, nor was it alleged that he was unable to post bail pending trial due to his indigency.

In a similar situation we recently vacated and remanded a cause for further proceedings. Hart v. Henderson, 5th Cir. 1971, 449 F.2d 183. Therein we stated, and posed questions for the district court, as follows:

"Appellant may also be entitled to credit for pre-trial jail time, but first additional facts are essential for our edification. For what reason or reasons was Hart not released on bail bond pending trial? Was bond set or denied? Was he indigent and unable to make bond? What occasioned the delay of eight months before he was finally brought to trial? Was this a "normal" delay due to overcrowded dockets? Would a more prompt disposition of the case have been made had appellant not demanded trial by jury?" 449 F.2d at 185.

Accordingly, a state prisoner who has received the maximum imposable prison sentence for an offense must be given credit for all presentence jail time if he was unable to make bail due to his indigence.[3] The ruling below is vacated and the cause is remanded for further proceedings consistent with what we said in Hart v. Henderson, supra.

Vacated and remanded.

---

1. Fla.Statutes, §§ 776.04, 784.04, F.S.A.

2. As authorized by former Rule 1.850, now Rule 3.850 of the Florida Rules of Criminal Procedure, 33 F.S.A.

3. In Gremillion v. Henderson, 5th Cir. 1970, 425 F.2d 1293, cited in the district court's final order, the appellant had not received the maximum imposable prison sentence.