Lillian P. **COBB**, Petitioner-Appellant,

v.

Melvin **BAILEY**, Sheriff of Jefferson County, Respondent-Appellee.

No. 72-2303.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1972.

Robert R. Bryan, Birmingham, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., Herbert H. Henry, Montgomery, Ala., for respondent-appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

COLEMAN, Circuit Judge:

The sole issue in this appeal is whether the Constitution of the United States requires that an Alabama state prisoner who has been sentenced to the maximum term provided by state law shall be allowed full credit for the time detained in jail prior to conviction.

On a federal writ of habeas corpus, the District Court held in the negative. We affirm.

The facts may be stated as follows:

On May 11, 1971, Lillian P. Cobb was arrested for murder in the first degree. On July 16, 1971, the grand jury of Jefferson County, Alabama, indicted her for that she "unlawfully and with malice aforethought killed Hobart Sylvester Christenberry by beating and cutting him with a knife". The state court docket entries included in the record now before us indicate that the case was twice "passed" on July 23 and July 30. On August 6, represented by her present counsel, Cobb was arraigned and entered a plea of not guilty. On August 19, the case was "passed" to November 1. In the meantime, there were various motions for discovery and for other relief. On September 16, 1971, the Alabama court of criminal appeals fixed bail at $5,000. On November 14, the defendant made bond, having spent 128 days in jail prior to being admitted to bail and 187 days prior to actually making bond. There was no allegation in either the state or federal *habeas* petitions that the appellant was unable to make bond prior to November 14 because of indigency. The contention is simply that because she received the maximum sentence she is entitled to credit for all pre-conviction jail time.

On December 19, 1971, the appellant was convicted of second degree manslaughter, a misdemeanor. She was sentenced to twelve months imprisonment in the county jail, the maximum penalty provided by 14 Alabama Code § 322 (1942). She began the service of this sentence on January 31, 1972.

Alabama law does not authorize credit for pre-conviction jail time, so the state court denied a motion that the defendant be given that credit on her twelve months sentence. Cobb argues that if not given habeas corpus relief she will thus be required to suffer eighteen months imprisonment on account of the alleged homicide, where as the maximum penalty upon conviction is only twelve months. She says this would be a violation of the Federal Constitution.

We note that the Supreme Court has never considered or decided this precise issue.

It was not until 1966 that Congress passed legislation requiring that [in the future] a federal convict shall be given credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed, Public Law 89–465, § 4, 80 Stat. 217 [18 U.S.C., § 3568].

Apparently, such credit was not viewed as an absolute Constitutional right. If it were, then there would have been no necessity for the legislation.

This brings us to the decision of this Court in Gremillion v. Henderson, 5 Cir., 1970, 425 F.2d 1293. It was there stated, without qualification, "[T]here is no federal constitutional right to credit for time served prior to sentence. In the absence of a statute requiring that such credit be given, the matter is within the discretion of the sentencing judge. Here there is a statute but it specifically gives the judge complete discretion. Thus we find no custody in violation of the United States Constitution and therefore no claim cognizable on a federal writ of habeas corpus".

It is now urged that *Gremillion* is distinguishable from the present case because he had been sentenced to less than the maximum term. The Court, however, intimated no such basis for its declaration.

It is further argued that the decision in *Gremillion* was eroded by our decision in Hart v. Henderson, 5 Cir., 1971, 449 F.2d 183.

Hart was charged with burglary. Cobb, our present appellant, was charged with murder, then non-bailable, 15 Alabama Code, § 195.

Although the appeal presented that contention, *Hart* did not hold that all defendants have an absolute Constitutional right to credit for time spent in pre-sentence detention. Under Louisiana law, burglary is bailable prior to trial, Articles 312, 313, Louisiana Code of Criminal Procedure.

Therefore, the panel which decided *Hart*, having no authority to over-rule *Gremillion*, remanded the case to ascertain (1) whether the appellant had been unable to make bond because of indigency; (2) what caused the eight months trial delay; (3) whether bond was set or denied, and like questions.

The Court made it clear that before holding that Hart was entitled to pre-trial credit it wanted to know whether he had been discriminated against because of indigency or because he had sought a jury trial.

In conclusion, we note that in this Circuit, Georgia, Louisiana, and Mississippi mandatorily award credit for time spent in pre-trial detention, 27 Ga.Code Ann., § 2530; La.S.A., C.Cr.P., Art. 880; Miss.Code of 1942, § 2540.5.

In Florida and Texas such credit is discretionary, Fla.S.A. § 921.161; Vernon's Ann.Tex.C.C.P., Art. 42.03.

Only Alabama fails to authorize or require such credit.

In that status of the law, we conceive that we would be initiating no earth-shaking revolution of state criminal procedure in this Circuit if we were to hold as a matter of absolute federal constitutional right that when a state convict is sentenced to the maximum provided by law he must be given credit for pre-judgment detention. Nevertheless, we decline that course because (1) the record on this appeal affirmatively shows that Cobb was first held for a non-bailable felony and (2) fails to allege that after the Alabama Courts allowed bail she was discriminatorily denied the opportunity to make it.

In other words, we are bound by our decision in *Gremillion,* supra, and the judgment of the District Court is

Affirmed.