**Milton BROWN, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 72–H–724.**

United States District Court,
. S. D. Texas,
Houston Division.
May 25, 1973.

Harry H. Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner.

John L. Hill, Atty. Gen. of Tex., Ralph A. Rash, Asst. Atty. Gen., Austin, Tex., for respondent.

MEMORANDUM OPINION:

SEALS, District Judge.

This is a proceeding for the writ of habeas corpus under 28 U.S.C. § 2254. The Petitioner was charged with possession of a pistol on premises where alcohlic beverages were sold and consumed in violation of Article 483, Vernon's Ann. Texas Penal Code, and convicted upon his plea of guilty in the 179th District Court of Harris County, Texas in Cause No. 140112 on March 23, 1970. He was sentenced to five years in the penitentiary, the maximum penalty provided under Texas law for this offense. No appeal was taken. Petitioner is also serving a concurrent three-year sentence imposed upon his plea of guilty to a charge of attempted burglary in Cause No. 13587 in the 105th District Court of Nueces County, Texas.

The Petitioner raises here the issue of whether or not he is entitled to credit on his sentence in Cause No. 140112 for a period of confinement beginning with his arrest in Harris County on March 21, 1969 until his trial in Cause No. 140112 on March 23, 1970. On December 11, 1972 this Court conducted an evidentiary hearing as provided by 28 U.S.C. § 2243. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law.

The evidence indicates that the Petitioner was arrested by officers of the Houston Police Department on March 21, 1969 for possessing a prohibited weapon, a pistol, on premises where alcoholic beverages were sold and consumed under license of the Texas Alcoholic Beverage Commission. After admission to the Houston City Jail, bond was initially set in the sum of $800.00. At that time Petitioner stated that he had a check and cash in the approximate sum of $170.00 in his possession and that he had no other property or income. Several days later he was transferred to the custody of Harris County authorities, as is the usual practice, presumably to await some disposition of the charges for which he had been originally jailed. The $800.00 bond previously set was apparently disallowed when, after several days, it became apparent that Petitioner was wanted by authorities in Nueces County, Texas for charges pending in their jurisdiction. Bail was never reset even though the offenses with

which Petitioner was charged were clearly bailable under Article 1.07, Texas Code of Criminal Procedure, Vernon's Ann.

On September 1, 1969, Petitioner was transferred from the Harris County Jail to the custody of Nueces County authorities for trial in that jurisdiction in Cause No. 13587. On October 10, 1969 Petitioner appeared before the Judge of the 105th District Court, Nueces County, waived formal arraignment, pled guilty, and was sentenced to three years in the Texas Department of Corrections. The sentence in the Nueces County conviction in Cause No. 13587 ordered that the sentence was to begin to run as of March 21, 1969, the date Petitioner was initially arrested in Harris County, Texas. On November 2, 1969, Petitioner was transferred to the Texas Department of Corrections. Shortly thereafter a detainer was placed against the Petitioner by the Harris County authorities with the Texas Department of Corrections to secure his appearance in Cause No. 140112 of which there had been no final disposition.

At the evidentiary hearing held in this cause, the State offered no evidence or testimony to controvert any of the allegations or claims advanced by the Petitioner. The Respondent contends, however, on the basis of a recitation set forth in the sentence in Cause No. 13587, that Petitioner's arrest on March 21, 1969 in Harris County was occasioned as a result of the charges pending in Nueces County, Texas. Such recitation is that ". . . the judgment and sentence in this cause shall begin to run from and after the 21st day of March, 1969, the date the defendant was placed in jail in this cause." Respondent argues that this language in the sentence of Cause No. 13589 proves that the defendant was arrested in Harris County not for the offense of carrying a pistol but because of the offense or offenses committed in Nueces County. It should be noted, however, that this language is in the nature of a printed form recitation rather than an original handwrit-

ten or typed addition. Furthermore, Petitioner denies that he was arrested in Harris County on the basis of the Nueces County charges but insists that his arrest stems from the pistol offense. In light of Petitioner's testimony together with the fact that the State has presented no testimony or evidence from the arresting officers which is presumably readily available to the State, the Court finds that Petitioner's arrest on March 21, 1969 was for the offense of unlawful possession of a pistol on premises where alcoholic beverages are served for which offense Petitioner was later convicted in Cause No. 140112 in the District Court of Harris County, Texas.

The State has conceded that for the purposes of this proceeding the Petitioner was in fact indigent. Petitioner testified that immediately after his arrest in Harris County bond was set in the sum of $800.00 which he was unable to post. The evidence indicates that after being transferred from the City facility to the Harris County Jail, no bond of any sort was permitted as a result of the information received from Nueces County relative to the charges pending there. If true, this procedure would appear to violate Article 1.07 of the Texas Code of Criminal Procedure which provides that bail shall be available in all cases except capital offenses where the proof is evident. Since Petitioner was not charged with any capital offense, it is clear that under Texas law bail could have and should have been set regardless of the other offenses. Therefore, the Court finds that the Petitioner was indigent at the time of his arrest on March 21, 1969 and remained in such condition through his trial of March, 1970 and that as a result he was at all times unable to make bond.

The case of Gremillion v. Henderson, 425 F.2d 1293 (C.A.5, 1970), states the general rule governing credit on sentence for time spent in custody prior to conviction, and Hart v. Henderson, 449 F.2d 183 (C.A.5, 1971), delineates the exception to that rule. *Gremillion*

holds that there is no federal constitutional right to credit for time served prior to being sentenced. In that case the defendant/petitioner had not been sentenced to the maximum imposable sentence for the offense convicted. Also, there was no indication that the petitioner was unable to make bond because he was indigent.

In *Hart* the defendant/petitioner was sentenced to the maximum term provided by statute for the offense with which he was charged. He was given no credit for the time he was in jail prior to trial. The Fifth Circuit remanded his habeas corpus petition to the District Court for the taking of further evidence, particularly as to whether he was indigent. It then stated:

> "We hold here that the inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum."

The case of Hill v. Wainwright, 465 F.2d 414 (C.A.5, 1972) follows the *Hart* exception. Here again defendant/petitioner was sentenced to the maximum imposable term for the offense committed and given no credit for pretrial custody. While Petitioner alleged in motions he filed in state court that he was indigent at the time, he failed to do so in federal court. For that reason, the Fifth Circuit remanded the case for the District Court to determine if Petitioner had been unable to post bond due to his indigency. Again it stated:

> "A state prisoner who has received the maximum imposable prison sentence for an offense must be given credit for all pre-sentence jail time if he was unable to make bail due to his indigence."

The Court distinguished *Gremillion* in a footnote by observing that there the appellant had not received the maximum imposable prison sentence.

Most recently, in Cobb v. Bailey, 469 F.2d 1068 (C.A.5, 1972), the Fifth Circuit attempted to clarify the distinction between *Hart* and *Gremillion*. The Petitioner's contention in *Cobb* was that because she received the maximum sentence possible for the crime for which she was convicted, she was entitled to credit for all preconviction jail time. She made no allegation that she was unable to make bond at any time because of indigency. Also, she was being held for a nonbailable offense.

The Court, following the *Gremillion* rule and denying relief, reiterated in its opinion that *Hart* did not hold that all defendants have an absolute constitutional right to credit for time spent in pre-sentence detention. The test to be applied in awarding credit is whether the Petitioner has been discriminated against because of indigency or because he selected one legal process instead of another (i. e. jury trial instead of trying the case to the Judge.)

Thus what emerges from these cases is a threefold test for crediting sentences with time spent in jail prior to trial. If a person is charged with a bailable offense, and he is unable to post bond because he is indigent, and he is upon conviction sentenced to the maximum imposable sentence for the offense convicted, then his sentence must be credited for the time he spent in jail prior to trial.

Respondent argues that the Petitioner in this case is not entitled to any credit on his sentence in Cause No. 140112 because he did not receive the maximum sentence which the judge could have imposed because the trial judge in Cause No. 140112 failed to cumulate the sentence in that cause with the sentence imposed in Cause No. 13587 in the District Court of Nueces County. The cumulation of sentences is controlled by Article 42.08 of the Texas Code of Criminal Procedure which provides that a trial judge may exercise discretion with regard to when a sentence shall begin to run. However, the issue here does not involve the question of when Petitioner's sentence in Cause No. 140112 shall begin to operate but rather is concerned with the amount of time which must constitutionally be credited against that sentence whenever it begins to run.

**122**

For this purpose the two sentences must be treated separately.

Having concluded that the Petitioner is entitled to credit on his sentence in Cause No. 140112, we are now faced with determining how much credit he should receive. The Petitioner urges that he receive credit on his sentence in Cause No. 140112 for the time he was confined from March 21, 1969 until March 23, 1970, the date he was sentenced in Cause No. 140112. However, once Petitioner was convicted and sentenced in Cause No. 13587 and because he did not appeal, he could no longer post bond pending his trial in Cause No. 140112. Thus the Court finds that the Petitioner is entitled to credit on his sentence for the time during which he was confined awaiting trial in Cause No. 140112, was eligible for bond to be set, and would have posted bond but for his indigence. Petitioner is entitled to the issuance of the Writ and to credit on his sentence in Cause No. 140112 for time served in confinement from March 21, 1969 until October 10, 1969.