John Tyronne **MARTIN**,
Petitioner-Appellant,

v.

**STATE OF FLORIDA**,
Respondent-Appellee.

No. S76–1010
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 11, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John Tyronne Martin, pro se.

Robert L. Shevin, Atty. Gen., Miami, Fla., Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM:

Petitioner Martin was charged with robbery in 1969, convicted March 6, 1970, and sentenced to a term of six months to 20 years. The trial judge refused to grant him credit on his sentence for time served in jail while awaiting trial. After exhausting state remedies, Martin brought his claim for presentence detention credit to the federal courts in a habeas corpus action. The District Court denied relief and this appeal followed.

In *Jackson v. Alabama*, 530 F.2d 1231 (CA5, 1976), this court reviewed the law on this question and reaffirmed the general rule of *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (CA5, 1970): "there is no federal constitutional right to credit for time served prior to sentence." The present case is on all fours with *Gremillion*. There, as here, the trial judge had complete discretion to grant or deny credit.[1] As in *Gremillion*, therefore, the petitioner has not been victimized by any "arbitrary classification." *Id.* at 1294 n. 4.

An exception to the general rule may be claimed by a criminal defendant who is confined before sentencing because his indigency prevents him from making bond. Because of the Fourteenth Amendment guarantees against wealth discrimination, such a defendant is entitled to credit if he is sentenced to the statutory maximum term for his particular offense. *Hill v. Wainwright*, 465 F.2d 414 (CA5, 1972); *Hart v. Henderson*, 449 F.2d 183 (CA5, 1971). But this exception does not benefit Martin. He was sentenced to serve 20 years at most, whereas the statutory maximum sentence for robbery in Florida was, at the time, life imprisonment.[2] As was squarely held in *Jackson v. Alabama, supra,* the exception mentioned applies only to those prisoners serving maximum sentences. Moreover, the record indicates that Martin was not confined before trial because of his poverty

---

1. Although credit for time served would be mandatory under the present law of Florida, Fla.Stat.Ann. § 921.161(1) (Supp.1974), in 1970 the decision on whether to allow credit was relegated to the sentencing judge's discretion. Fla.Stat.Ann. § 921.161(1) (1973); *Richardson*

*v. State*, 243 So.2d 598 (Fla.App., 1971). We are not asked to construe the new statute as being retroactive.

2. Fla.Stat.Ann. § 813.011 (1973).

but because the state court judge decided to revoke bail. Thus the wealth discrimination analysis underlying *Hart* and *Hill* is not relevant here.

Martin also complains of the District Court's failure to appoint counsel. There is no merit in this contention.

AFFIRMED.