

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-11-00433-CR
No. 10-11-00434-CR

NICHOLAS SCOTT JOHNSTON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

———————————

From the 413th District Court
Johnson County, Texas
Trial Court Nos. F40625 and F40867

———————————

MEMORANDUM  OPINION

———————————

Appellant Nicholas Scott Johnston was indicted for theft by check of property aggregately valued at $1,500 or more but less than $20,000 (Trial Court Cause No. F40625).  Subsequently, Johnston was also indicted for two counts of theft of property valued at $1,500 or more but less than $20,000 (Trial Court Cause No. F40867).  Pursuant to a plea agreement, Johnston pleaded guilty in both cases.  The trial court assessed Johnston's punishment in each case at two years' confinement in a state jail facility but

then suspended the state jail confinement and placed him on community supervision for five years, to run concurrently.

The State subsequently filed motions to revoke Johnston's community supervision in Trial Court Cause Nos. F40625 and F40867, alleging that he violated the terms and conditions of his community supervision as follows:

> I.      NICHOLAS SCOTT JOHNSTON violated condition #1 of his/her terms and conditions of supervision, which states, "Commit no offense against the laws of this State or of any other State or of the United States…(report any arrest including traffic tickets within ten days to the supervision officer."
>
> A.      NICHOLAS SCOTT JOHNSTON on or about August 3, 2011, in Tarrant County, Texas the defendant was convicted of the offense of Theft of Property with 2 or more Prior Convictions in Case No. 1240681001.
>
> B.      NICHOLAS SCOTT JOHNSTON on or about August 3, 2011, in Tarrant County, Texas the defendant was convicted of the offense of Theft of Property with 2 or more Prior Convictions in Case No. 1234497001.
>
> C.      NICHOLAS SCOTT JOHNSTON on or about August 3, 2011, in Tarrant County, Texas the defendant was convicted of the offense of Theft of Property with 2 or more Prior Convictions in Case No. 1224565001.
>
> D.      NICHOLAS SCOTT JOHNSTON on or about March 30, 2010, in Tarrant County, Texas the defendant was convicted of the offense of Theft of Property in Case No. 1192141.
>
> II.      NICHOLAS SCOTT JOHNSTON violated condition #2 of the terms and conditions of supervision, which states:  "Avoid injurious or vicious habits and totally abstain from the use of alcoholic beverages and totally abstain from the illegal use of controlled substance."
>
> A.      NICHOLAS SCOTT JOHNSTON failed to totally abstain from the illegal use of controlled substance, to-wit:  on or about April 4, 2011 the defendant signed an Admission of Use Form admitting to using methamphetamines on or about April 1, 2011.
>
> III.      NICHOLAS SCOTT JOHNSTON violated condition #5 of the terms

and conditions of community supervision, which states: "Report to the Supervision Officer as directed by the Judge or Supervision Officer and obey all rules and regulations of the Johnson/Somervell Community Supervision Department. Report in person at least once each calendar month to begin immediately, unless otherwise directed.

A. NICHOLAS SCOTT JOHNSTON failed to report to his/her Supervision Officer each month for the months of May through August, 2011.

At the hearing on the motions, Johnston pleaded "true" to Paragraphs I.A., I.B., I.C., I.D., and II.A. and "not true" to Paragraph III.A. in both cases. The State abandoned the allegation in Paragraph III.A. in both cases. The following exchange then took place:

THE COURT: I'll revoke your probation in each of the two felony cases, F40625 and F40867. You're sentenced to two years on F40625. At the completion of your sentence, when you have completed all your time in F40625, then the two year sentence that I'm imposing on F40867 will begin. And you'll serve two years in F40867. I will not allow you to have any credit for time served in this case. And I am going to run -- these sentences will both start at the completion of any other time that you've been sentenced to in Tarrant County for theft. So you'll finish Tarrant County State Jail, then start F40625, do two years, and then do F40867. And I'll tell you, nobody appreciates a thief.

[Defense Counsel]: Your Honor, we have one last thing, Your Honor, I would make a formal objection to that, those sentences, as these cases were brought up together, and these two cannot be stacked on each other. Now, they can be stacked on top of the Tarrant County, but it's my understanding because they were brought together and heard at one time, they cannot be stacked on each other. I'll make that objection in court at this time.

[Prosecutor]: And, Judge, for the record, I've done extensive research on this subject. As long as they're two separate cause numbers they may be stacked and they may be stacked against Tarrant County, and we will certainly argue that in our brief.

THE COURT: The Court has made its ruling. You may be excused.

The trial court thereafter signed written judgments in Trial Court Cause Nos.

F40625 and F40867, revoking Johnston's community supervision and sentencing him to twenty-four months in a state jail facility on each conviction. Each judgment also stated, "This sentence shall run **in accordance with Order Of Cumulation.**" The trial court's order cumulating sentences stated as follows:

THE COURT FINDS that NICHOLAS SCOTT JOHNSTON is the same person who, on August 3, 2011, was convicted in Case Numbers 1240681D, 1234497D, and 1224565D in the 432nd Criminal District Court in Tarrant County, Texas, for the offenses of Theft Under $1,500 and Two Prior Convictions, in each case, and sentenced to a term of twelve (12) months in the State Jail Division of the Texas Department of Criminal Justice.

THE COURT FURTHER FINDS that on October 20, 2011, in Cause Number F40625, NICHOLAS SCOTT JOHNSTON'S community supervision was revoked, and the defendant, NICHOLAS SCOTT JOHNSTON was sentenced to a term of 24 months in the State Jail Division of the Texas Department of Criminal Justice.

THE COURT FURTHER FINDS that on October 20, 2011, in Cause Number F40867, NICHOLAS SCOTT JOHNSTON'S community supervision was revoked, and the defendant, NICHOLAS SCOTT JOHNSTON was sentenced to a term of 24 months in the State Jail Division of the Texas Department of Criminal Justice.

THE COURT FINDS that the offenses committed in Cause Numbers F40625, F40867, and 1240681D, 1234497D, and 1224565D, were not offenses arising out of the same criminal episode.

It is hereby ORDERED, ADJUDGED and DECREED, that the defendant, NICHOLAS SCOTT JOHNSTON, is sentenced as follows pursuant to Section 3.03 of the Texas Penal Code, and Article 42.08 of the Texas Code of Criminal Procedure:

In Cause Number F40625, a sentence of 24 months in the State Jail Division of the Texas Department of Criminal Justice, which shall begin when the judgment and sentences imposed in Case Numbers 1240681D, 1234497D, and 1224565D have ceased to operate.

Further, in Cause Number F40867, a sentence of 24 months in the

State Jail Division of the Texas Department of Criminal Justice which shall begin when the judgment and sentence imposed in Case Number F40625 has ceased to operate.

Johnston has appealed from the judgments in both Trial Court Cause No. F40625 (Appellate Court Cause No. 10-11-00433-CR) and No. F40867 (Appellate Court Cause No. 10-11-00434-CR). Because Johnston asserts identical issues in these two appeals, we will decide them together.

**Time-Served Credit**

In his first issue, Johnston contends that the trial court erred in both Nos. F40625 and F40867 by failing to give him credit for the time he served following his initial arrest and for the time he served awaiting his revocation hearing. Thus, Johnston argues, he was denied equal protection of the law in violation of the Fourteenth Amendment of the U.S. Constitution as well as denied due course of law under the Texas Constitution in both cases.

We begin by addressing the time Johnston served between his arrest and guilty plea. Under the Code of Criminal Procedure, the trial court "*may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court." TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 15(h)(2)(A) (West Supp. 2012) (emphasis added). There is, however, an exception to this discretionary provision: The Court of Criminal Appeals has held that the equal protection clause of the Fourteenth Amendment *requires* that a defendant receive credit for his pretrial jail time if that defendant receives the maximum sentence for his offense

and was unable to post bond due to his indigence. *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997).

Johnston argues that because he received the maximum sentences authorized for his offenses in Nos. F40625 and F40867, he is entitled to credit for the five months that he served between his arrest and his guilty plea. But Johnston has not identified anything in the record, nor have we found anything in the record, that indicates that he was unable to post bond due to his indigence. Thus, Johnston did not fall into the exception, and we cannot therefore conclude that the trial court erred in Nos. F40625 and F40867 by not giving Johnston credit for the time he served between his arrest and his guilty plea. *See* TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 15(h)(2)(A); *see also Martin v. Florida*, 533 F.2d 270, 271-72 (5th Cir. 1976). Johnston's first issue is overruled in part.

We next address the time Johnston served awaiting his revocation hearing. The State concedes that Johnston should have been credited for this time period because the Court of Criminal Appeals has held that it would violate the due course of law provision of the Texas Constitution to deny credit for periods of confinement pursuant to motions to revoke community supervision in state jail felony cases. *Ex parte Bates*, 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998). Here, the record reflects that Johnston served time in jail from September 20, 2011 to October 20, 2011 pending the hearing on the motions to revoke his community supervision in Nos. F40625 and F40867. The trial court erred by failing to give Johnston credit for this time served. Johnston's first issue is sustained in part.

**Sufficiency of Evidence to Support Cumulation Order**

In his second issue, Johnston contends that the trial court erred in ordering that the sentence imposed in No. F40625 be served consecutively to the remainder of certain sentences imposed on him from prior convictions in Tarrant County because the evidence of the prior convictions was insufficient.

The State first responds that Johnston has failed to preserve his complaint for review. But a complaint concerning the sufficiency of the evidence to support a cumulation order is not forfeited by the failure to object to the order in the trial court. *See Moore v. State*, 371 S.W.3d 221, 225-27 (Tex. Crim. App. 2012). We therefore turn to the merits of Johnston's issue.

The trial court has discretion to cumulate a defendant's sentences under Article 42.08(a) of the Code of Criminal Procedure:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly[.]

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2012). The Court of Criminal Appeals has expressly required that the record contain some evidence connecting the defendant with the prior convictions to cumulate the sentences. *Moore*, 371 S.W.3d at 226 (citing *Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987)). In analyzing the

sufficiency of discretionary-cumulation orders, the Court of Criminal Appeals has also routinely held that such orders must be "substantially and sufficiently specific to authorize the punishment sought to be imposed." *Id.* (quoting *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g) (internal quotation marks omitted)).

At the hearing on the State's motions to revoke Johnston's community supervision in both Nos. F40625 and F40867, Johnston pleaded "true" to Paragraphs I.A., I.B., and I.C. of the motions. In doing so, Johnston admitted that he was convicted on or about August 3, 2011, in Tarrant County, of the offense of "Theft of Property with 2 or more Prior Convictions" in Case No. 1240681001; that he was convicted on or about August 3, 2011, in Tarrant County, of the offense of "Theft of Property with 2 or more Prior Convictions" in Case No. 1234497001; and that he was convicted on or about August 3, 2011, in Tarrant County, of the offense of "Theft of Property with 2 or more Prior Convictions" in Case No. 1224565001. Johnston also testified at the hearing that he was sentenced to twelve months' confinement in state jail for each conviction, to run concurrently.

Johnston argues that the evidence of the prior convictions is insufficient because there is no evidence in the record to indicate in which Tarrant County court he was convicted. Johnston also points out that the case numbers alleged in the two motions to revoke community supervision to which he pled true are not the same case numbers reflected in the order cumulating sentences. Johnston also claims that the evidence is insufficient because the State never offered any of the judgments of the prior

convictions into evidence nor did Johnston testify about the requisite details of the prior Tarrant County convictions.

It is not necessary that a certified copy of a prior conviction be admitted into evidence to support a request for a cumulative sentence. *See Mungaray v. State*, 188 S.W.3d 178, 184 (Tex. Crim. App. 2006); *see also Willams v. State*, No. 10-10-00140-CR, 2010 WL 3503939, at *1 (Tex. App.—Waco Sept. 8, 2010, pet. ref'd) (mem. op., not designated for publication). There must be "some evidence" of a prior conviction and that the defendant was the person convicted, but "some evidence" may consist of testimony, admissions, and uncontested assertions by the State that a defendant has been previously convicted. *See Mungaray*, 188 S.W.3d at 184; *see also Miller v. State*, 33 S.W.3d 257, 262 (Tex. Crim. App. 2000) (elements of "stacking" order can be established by admissions of one party and undisputed assertions by other party). Here, we conclude that Johnston's pleas of "true" to the State's allegations regarding the prior convictions in its motions to revoke Johnston's community supervision constitute "some evidence" of the prior convictions and "some evidence" that Johnston was the person convicted in those cases.

The State's failure to present evidence of the Tarrant County court in which Johnston was convicted does not render the evidence insufficient to support a finding that Johnston was convicted in the Tarrant County cases. *See Mungaray*, 188 S.W.3d at 184. Likewise, the fact that the case numbers alleged in the State's motions to revoke are not identical to the case numbers reflected in the order cumulating sentences does not render the evidence insufficient to support a finding that Johnston was convicted in

the Tarrant County cases. These alleged failures by the State are relevant only to the sufficiency of the cumulation order.

When exercising their discretion to cumulate a defendant's sentences, trial courts must ensure that their cumulation orders are sufficiently specific. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). To satisfy the specificity requirement, the Court of Criminal Appeals has recommended that a cumulation order contain the following elements: (1) the trial court cause number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). But it is well settled that inclusion of all of the recommended elements is not mandatory. *Williams*, 675 S.W.2d at 764. The rule is that "a cumulation order will be upheld so long as the trial court's description of prior convictions is 'substantially and sufficiently specific[]' . . . to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." *Id.* (quoting *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)).

In this case, the trial court's written cumulation order contained trial court cause numbers of the prior convictions (1240681D, 1234497D, and 1224565D), the name of the court where the prior convictions were taken (the 432nd Criminal District Court in Tarrant County, Texas), the date of the prior convictions (August 3, 2011), the term of years of the prior convictions (twelve months in state jail), and the nature of the prior convictions (three convictions for the offenses of theft of property under $1,500 with

two prior convictions).  As stated above, Johnston complains that there is no evidentiary support for the name of the court where the prior convictions were taken and that the trial court cause numbers of the prior convictions contained in the cumulation order are not the same as those alleged in the State's motions to revoke and to which he pled true. The cause numbers in the State's motions to revoke and to which Johnston pled true are, however, substantially similar to the trial court cause numbers of the prior convictions contained in the cumulation order.  In the cumulation order, the letter "D" was simply substituted for the three numbers "001" that ended each cause number in the revocation motions.  Thus, No. 1240681001 simply became No. 1240681D, No. 1234497001 became No. 1234497D, and No. 1224565001 became 1224565D.  Considering these substantially similar cause numbers along with the date of the prior convictions, the term of years of the prior convictions, and the nature of the prior convictions, which are all also contained in the cumulation order, we conclude that the cumulation order is "'substantially and sufficiently specific[]' . . . to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with."  *Id.* at 763-64.  It is therefore immaterial in this case that there is no evidentiary support for the Tarrant County court number set out in the cumulation order because the evidence supports the other elements of the trial court's cumulation order.  *See Mungaray*, 188 S.W.3d at 184 n.19.

In light of the foregoing, we hold that the trial court's cumulation order that the sentence imposed in No. F40625 be served consecutively to the remainder of certain sentences imposed on Johnston from prior convictions in Tarrant County was not

improper. We overrule Johnston's second issue.

## Oral Pronouncement of Sentences

In his third issue, Johnston contends that the trial court erred in cumulating his sentences in Nos. F40625 and F40867 with the remainder of the sentences imposed on him from prior convictions in Tarrant County because the oral pronouncement failed to adequately identify the Tarrant County convictions. More specifically, Johnston argues that because the oral pronouncement of sentence and the sentence in the written judgment varies, the oral pronouncement controls, and the oral pronouncement of sentence was not "'substantially and sufficiently specific[]' . . . to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." Assuming without deciding that Johnston's complaint was not forfeited by failing to raise it in his motions for new trial or some other post-judgment motion, we disagree that the oral pronouncement of sentences in these cases varied from the sentences in the written judgments.

We agree that when there is a conflict between the oral pronouncement of sentence and the written memorialization of that sentence, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Here, however, there is no conflict between the oral pronouncement of sentence and the written cumulation order. Both the oral pronouncement of sentence and the written cumulation order specify that Johnston's sentences in Nos. F40625 and F40867 would be served consecutively following his Tarrant County sentences. *Cf. Ex parte Madding*, 70 S.W.3d 131, 135-37 (Tex. Crim. App.

2002) (holding written cumulation order conflicted with oral pronouncement when pronouncement specified that sentences would be served concurrently). The written order in this case merely contains specific information about the Tarrant County sentences that was not included in the oral pronouncement. And based on our review of the record before us, it is clear that all parties understood the sentences to which the trial court was referring in its oral pronouncement despite the trial court not specifically identifying the sentences. We therefore overrule Johnston's third issue. *See Ybarra v. State*, No. 03-12-00753-CR, 2013 WL 3929094, at *3 (Tex. App.—Austin Jul. 24, 2013, no pet.) (mem. op., not designated for publication).

### Cumulation of No. F40625 and No. F40867 Sentences

In his fourth issue, Johnston contends that the trial court erred by ordering the sentence imposed in Trial Court No. F40867 be served consecutively to the sentence imposed in Trial Court No. F40625. The State concedes error.

Trial courts are required to impose concurrent sentences "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." *See* TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2012). A "criminal episode" is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property," when "(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (2) the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01 (West 2011). A defendant is prosecuted in "a single criminal

action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

Here, Johnston was charged in both Trial Court Nos. F40625 and F40867 of theft offenses. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2012). In No. F40625 Johnston was indicted for theft by check of property aggregately valued at $1,500 or more but less than $20,000, and in No. F40867 Johnston was indicted for two counts of theft of property valued at $1,500 or more but less than $20,000. These offenses are the repeated commission of the same or similar offenses; therefore, they comprise one criminal episode. *See id.* § 3.01. Furthermore, Johnston pleaded guilty to the offenses in both Nos. F40625 and F40867 in the same criminal proceeding on November 14, 2008. Likewise, the trial court heard the State's motions to revoke Johnston's community supervision in both Nos. F40625 and F40867, revoked Johnston's community supervision in both cause numbers, and sentenced Johnston in both cause numbers during a single criminal proceeding on October 20, 2011. Thus, the record establishes that the offenses were prosecuted in a single criminal action. *See LaPorte*, 840 S.W.2d at 415. *See* TEX. PENAL CODE ANN. § 3.03(a). Accordingly, the trial court erred in ordering the sentence imposed in Trial Court No. F40867 be served consecutively to the sentence imposed in Trial Court No. F40625. We sustain Johnston's fourth issue.

## Conclusion

We reverse in part the trial court's judgments to the extent they do not give

Johnston credit for the time he served in jail from September 20, 2011 to October 20, 2011 pending the hearing on the motions to revoke his community supervision in Trial Court Cause Nos. F40625 and F40867 and to the extent they order the sentence imposed in Trial Court Cause No. F40867 be served consecutively to the sentence imposed in Trial Court Cause No. F40625.  We remand this case to the trial court to reform the judgments as set forth above.  We affirm the remaining portions of the trial court's judgments.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed in part, reversed and remanded in part
Opinion delivered and filed October 3, 2013
Do not publish
[CR25]