**William B. DONLAVEY, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellee.**

**No. 28146.**

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1970.

* Of the Eighth Circuit, sitting by designation.

William B. Donlavey, pro se.; Frank B. Strickland, Atlanta, Ga. (court appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Petitioner, having been previously denied a writ of habeas corpus by this court, now requests that we reconsider our decision (Donlavey v. Smith, 5 Cir., 1970, 426 F.2d 800) in light of the Supreme Court's recent pronouncement in Coleman v. Alabama, 399 U.S. 1, 90 S. Ct. 1999, 26 L.Ed.2d 387 (1970), concerning the right to have an appointed attorney present at the state preliminary hearing.

In our prior decision, supra, we refused to decide the lack of counsel contention because the state court had not dealt with the issue and, thus, petitioner failed to exhaust his available state remedies. 28 U.S.C.A. 2254; Fox v. Dutton, 5 Cir., 1968, 406 F.2d 123. Petitioner now contends that he effectively presented his claim of denial of counsel at the preliminary hearing by a statement in the state court that he was held incommunicado and denied an attorney from the point of arrest until his arraignment.

Recent Fifth Circuit cases, however, indicate a strong policy against depriving the state of an initial opportunity to rule on the constitutional issue where the specific federal right was asserted at the state level in an ambiguous manner or where a subsequent Supreme Court ruling created the possibility that the state might change its decisional law if given an opportunity to do so. Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966; Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778. Both of these elements are present in the instant case.

We therefore hold that the issue of denial of counsel at the preliminary hearing was not effectively presented to the Georgia courts. Since petitioner failed to exhaust his state post-conviction remedies, we do not reach the merits of his contentions in regard to any constitutional claim under Coleman v. Alabama.

The motion for reconsideration is hereby denied.