**J. Loyd PARKER, Jr., Petitioner,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 76–H–114.**

United States District Court,
S. D. Texas,
Houston Division.

Oct. 29, 1976.

Will Gray, Houston, Tex., for petitioner.

Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent.

*Memorandum and Order:*

SINGLETON, District Judge.

For over six years petitioner J. Loyd Parker, Jr., has sought habeas corpus relief from state and federal courts on his claim that he is entitled to credit for the six years he spent in a state mental hospital before his trial and conviction. With reluctance this court holds that he is not entitled to that relief.

The facts of Parker's case are set out in the Fifth Circuit opinion issued in connec-

tion with his previous application for writ of habeas corpus. *Parker v. Estelle,* 498 F.2d 625 (5th Cir. 1974), *cert. den.,* 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975). Briefly stated, Parker was indicted in 1963 for the murder of his father. Following a hearing at which he was found incompetent to stand trial, Parker was committed to Rusk State Hospital where he remained until February 1969. In May, 1969, a jury found him competent; in June another jury found him guilty of premeditated murder and sentenced him to ten years imprisonment. The Court of Criminal Appeals subsequently affirmed the conviction. *Parker v. State,* 457 S.W.2d 638 (Tex.Cr.App.1970).

Parker then began his efforts to secure habeas corpus relief, urging his right to credit on his sentence for the six years spent at Rusk. He filed his initial application in federal court in 1970; that application was dismissed for failure to exhaust his state court remedies. Upon refiling in the state convicting court, the state judge held an evidentiary hearing but concluded that Parker was not entitled to relief since "the jury was permitted to take into consideration the six years spent in Rusk by petitioner and the jury did take this into consideration and that was the reason for such minimum punishment of ten years in this case." The Court of Criminal Appeals affirmed, 485 S.W.2d 585 (1972). The United States District Court for the Northern District of Texas subsequently denied Parker's federal application on the basis of the state court hearing and findings, and Parker appealed.

The Fifth Circuit found it unnecessary to address Parker's constitutional arguments,[1] affirming the district court both on the basis of the state finding that the jury had considered the length of Parker's pretrial detention, and in reliance on a presumption previously applicable in federal cases in this circuit. The court stated that in cases where the sentence imposed plus time spent in presentence custody amounted to less than the maximum for the offense, it would presume receipt of presentence credit.

Parker renewed his application to the state courts following enactment of extensive amendments to Article 46.02 of the Texas Code of Criminal Procedure in 1975. Before the amendment, the statute provided that the granting of credit for preconviction time spent in a mental institution was within the discretion of the court; the granting of such credit is now automatic.[2] Parker claimed that both the amendment and the holding of the Supreme Court in *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), entitled him to credit for his years at Rusk. The state trial court, first reiterating its finding that Parker had already received that credit, proceeded to address the merits of Parker's claims. The court concluded that Parker could demonstrate no right to relief in any event, since the amendment to Article 46.02 was prospective only and since any *Jackson v. Indiana* claim he may have had was moot. The Court of Criminal Appeals denied the application without written order. Parker now brings his claim to this court.

■ Before reaching the merits of the constitutional arguments presented, the court faces a substantial procedural obstacle. The state trial judge has stated twice that Parker received credit on his sentence for the period he was confined in Rusk; the Fifth Circuit rejected Parker's assertion that the state denied him credit at least in part because of that finding. Although on its face this procedural setting calls for

---

1. Parker argued that the denial of credit violated (1) his right to due process under the rationale of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); (2) his right not to be punished twice for the same offense, *see Wright v. Maryland Penitentiary,* 429 F.2d 1101 (4th Cir. 1970); and (3) his right to equal protection, since Texas law at that time required credit for postconviction time spent in a mental institution, Tex.Code Crim.Proc.Ann. art. 46.01 § 8, but denied it for pre-

conviction time, Tex.Code Crim.Proc.Ann. art. 46.02 § 10.

2. Tex.Code Crim.Proc.Ann. art. 46.02 § 7 now provides:

> The time a person charged with a criminal offense is confined in a mental health or mental retardation facility pending trial shall be credited to the term of his sentence on subsequent sentencing or resentencing.

summary dismissal of the application,[3] Parker has presented new evidence raising a serious question about the validity of that finding. Parker has submitted affidavits from eleven of the twelve jurors who convicted and sentenced him, none of whom recall having considered the length of his detention at Rusk in arriving at a sentence. Unfortunately, none of those affidavits was available for the state trial judge's consideration.

The seeming barrier to this court's review of Parker's application on the merits disappears upon closer scrutiny. In denying Parker's most recent state application, the trial judge chose not to rely solely upon his previous findings, but based his opinion upon the merits of Parker's complaint as well. Renewed application to the state court would therefore prove fruitless.

Resolution of the factual question through an evidentiary hearing is also unnecessary. Assuming Parker is correct in his assertion that he received no credit for the six years he served at Rusk State Hospital, this court still must conclude that he has demonstrated no right to relief.

In *Jackson v. Alabama*, 530 F.2d 1231 (5th Cir. 1976), the Fifth Circuit recently restated its views on the issue of credit for presentence detention time. That decision is dispositive of this case. In *Jackson*, petitioners Jackson and Cooks contended that the due process and equal protection clauses require that any defendant unable to make bond because of his indigency receive credit for time spent in presentence custody. The Fifth Circuit rejected that contention because neither was sentenced to the statutory maximum. Distilling a rule from several recent cases,[4] the court stated:

While there is no absolute constitutional right to pre-sentence detention credit as such, where a person is held for a bailable offense and is unable to make bail due to indigency then if he is upon conviction sentenced to the statutory *maximum* imposable sentence for the offense he is entitled to credit for the time spent in jail prior to sentencing.

530 F.2d at 1237. The court derived much of the support for its decision to limit the right to presentence credit to defendants sentenced to the maximum from *Parker v. Estelle, supra.*

■ Assuming that pretrial detention in a mental institution may be equated with pretrial jail confinement, this court can discern no basis for distinguishing Parker's claim for presentence credit from the claims of petitioners in *Jackson v. Alabama, supra.* Parker asserts his entitlement to presentence credit chiefly in reliance on *Jackson v. Indiana, supra.* He maintains, and the State does not deny, that the procedures used to find him incompetent to stand trial and to commit him to Rusk for six years failed to meet due process standards articulated by the Supreme Court. Petitioners in *Jackson* asserted that denial of presentence credit in their case amounted to invidious discrimination on the basis of wealth. Although the constitutional underpinning of the claims may differ, the resolution is necessarily the same. Controlling in *Jackson*, and controlling here, is the fact that the length of Parker's sentence plus the length of his detention in the state mental hospital totals considerably less than the statutory maximum for his offense. Parker faced a potential sentence of life or imprisonment for any number of years;[5] he received only

---

**3.** 28 U.S.C. § 2254(d) accords the fact findings of a state court great weight. The federal court is to presume that the fact findings of a state court after a hearing on the merits are correct, absent a showing that the state hearing was somehow inadequate.

**4.** *See Parker v. Estelle, supra; Cobb v. Bailey,* 469 F.2d 1068 (5th Cir. 1972); *Hill v. Wainwright,* 465 F.2d 414 (5th Cir. 1972); *Hart v. Henderson,* 449 F.2d 183 (5th Cir. 1971); *Grem-*

*illion v. Henderson,* 425 F.2d 1293 (5th Cir. 1970).

**5.** The statute in effect at the time of Parker's trial provided in relevant part:

[t]he punishment for murder shall be confinement in the penitentiary for life or for any term of years not less than two.

Acts of the State of Texas 1927, 40th Leg., p. 412, ch. 271, § 1. Under the *Jackson* test it would be impossible for Parker to obtain relief,

a ten-year sentence. In view of the unambiguous holding of *Jackson v. Alabama, supra,* that no constitutional right to presentence credit exists unless denial of that credit would result in extending a state prisoner's sentence beyond the maximum, this court must find that Parker has failed to state a claim upon which federal habeas corpus relief may be granted.

■ Parker's arguments concerning retroactive application of *Jackson v. Indiana, supra,* and amended Article 46.02 of the Texas Code of Criminal Procedure are inapposite. First, the Supreme Court decision in *Jackson v. Indiana* deals with commitment standards applicable to persons charged with criminal offenses; it does not compel the states to give presentence credit for time spent in mental institutions. Even were Parker presently committed in violation of *Jackson* standards, that decision would by no means entitle him to credit towards the sentence he might ultimately receive. Finally, the enactment of the amendment to Article 46.02 affords no basis for granting him relief. In deciding to give prisoners credit for presentence time spent in mental institutions, the Texas Legislature followed no constitutional mandate, but merely conferred a benefit not previously provided. A decision to confer that benefit only prospectively [6] violates no constitutional guarantee. *See, e. g., Jackson v. Alabama, supra* at 1238; *Comerford v. Commonwealth,* 233 F.2d 294 (1st Cir.), *cert. denied,* 352 U.S. 899, 77 S.Ct. 141, 1 L.Ed.2d 90 (1956).

Petitioner's application for writ of habeas corpus is therefore DENIED.

as his total time in custody could never exceed the maximum sentence.

6. Parker claims that Texas Op.Atty.Gen. No. H–799 (1976) holds that Article 46.02 is fully retroactive. That opinion is not nearly so broad. The Attorney General held only that the twelve-month time limit of Tex.Code Crim. Proc.Ann. art. 46.02 § 5 (Supp.1975) applies to individuals committed to mental health facilities prior to the effective date of the statute. The opinion does not bear on the sentence credit provision of Article 46.02 § 7.