**Jimmy J. ST. PIERRE, Plaintiff, Appellant,**

v.

**Raymond J. HELGEMOE, Warden, New Hampshire State Prison, Defendant, Appellee.**

No. 76–1384.

United States Court of Appeals, First Circuit.

Dec. 16, 1976.

Carroll F. Jones, Concord, N.H., with whom McSwiney, Jones & Semple, Concord, N.H., was on brief, for plaintiff-appellant.

James L. Kruse, Asst. Atty. Gen., Concord, N.H., with whom David H. Souter, Atty. Gen., and Richard B. Michaud, Atty., Concord, N.H., were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and GIGNOUX,* District Judge.

COFFIN, Chief Judge.

After an indictment for first degree murder, petitioner pleaded guilty in 1968 to murder in the second degree. Nothing in the record shows whether petitioner knew that second degree murder involves a particular *mens rea*. Petitioner, a state prisoner, has attacked his guilty plea as involuntary and unintelligent. He relies on the recent Supreme Court decision in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Adopting a magistrate's report, the trial court dismissed this petition for habeas corpus. The report gave two grounds for denying relief. First, petitioner had already made one unsuccessful federal habeas attack on the voluntariness of his plea. The second ground was a decision on the merits; the court found that petitioner had been made aware of the elements of second degree murder. Because of our treatment of the first ground we do not reach the second.[1]

▉ Only last year we rejected petitioner's habeas claim and affirmed the district court's finding that his guilty plea was vol-

untary. *St. Pierre v. Helgemoe,* No. 75–1143 (July 3, 1975) (unpub. mem.). While *res judicata* has no place in habeas proceedings, a similar role is played by 28 U.S.C. § 2244, which restricts repetitive applications for habeas corpus. Petitioner seeks to escape the effect of § 2244. He believes that *Morgan* puts his case in a new light and that our pre-*Morgan* rejection of his claim should no longer be conclusive. We do not now decide that *Morgan* is either retroactive or a change in the law. As the concurring opinion of Justice White shows, these questions may prove difficult. *Morgan, supra,* 426 U.S. at 650–651, 96 S.Ct. at 2260, ·49 L.Ed. at 118 (1976). Even assuming that the case makes a retroactive change in the law, petitioner must survive two preliminary gantlets: § 2244 and the requirement that state prisoners exhaust their state court remedies before seeking federal relief.

Before 1966, the petitioner would have had nothing to fear from § 2244. He could have claimed the benefit of *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). When *Sanders* was decided, both state and federal prisoner petitions were governed by what is now 28 U.S.C. § 2244(a). The statute declared that a court need not entertain a second habeas application if the "court is satisfied that the ends of justice will not be served by" another hearing. *Cf.* 28 U.S.C. § 2244(a); *Sanders v. United States, supra,* 373 U.S. at 11 n. 5, 83 S.Ct. 1068. The *Sanders* Court interpreted this language to permit a second application when the law had changed since the first:

"Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by per-

---

* Of the District of Maine, sitting by designation.

1. However, we note that the court relied primarily on witnesses' statements made at the sentencing hearing. Since these statements came twelve days after petitioner's guilty plea, they have only a tenuous relationship to his knowledge at the time of the plea. We believe that difficult questions of law and fact remain unresolved in this case. Although we are

aware of the rule in some other circuits that habeas petitions may be rejected even though state remedies have not been exhausted, *Petition of Ernst,* 294 F.2d 556, 561–62 (3d Cir. 1961); *United States v. Hendrick,* 330 F.2d 263, 267 n. 5 (3d Cir. 1964), that rule seems most appropriate when the habeas claim is easily rejected.

mitting the redetermination of the ground. If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair; we canvassed the criteria of a full and fair evidentiary hearing recently in *Townsend v. Sain, supra,* [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770,] and that discussion need not be repeated here. If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." *Id.* at 16–17, 83 S.Ct. at 1078.

However, in 1966 Congress amended § 2244. It created a new section 2244(b), to govern the habeas applications of state prisoners; the new provision omitted the "ends of justice" language on which *Sanders* had relied.[2]

We doubt that Congress meant to deny new hearings to state prisoners when the law has changed since their last applications. Such a result would produce an anomaly whenever the rights of accused persons were expanded by the courts: state prisoners who had slept on their rights before the change would go free, while those who had been diligent would be barred from federal relief. An absurdity of this magnitude ought not lightly be inferred from congressional silence; we therefore turn to the legislative history for guidance. The Senate Report, after paraphrasing the

language of § 2244(b), gives it this construction:

"[I]f on a subsequent application for habeas corpus relief a State court prisoner asserts that he has newly discovered evidence relating to an alleged denial of a Federal right, the court would be obliged to entertain the writ provided it was satisfied that the prisoner had not deliberately withheld the newly asserted factual ground for relief in his earlier application, and had not otherwise abused the writ." S.Rep. No. 1797, 89th Cong., 2d Sess. [1966] U.S.Code Cong. & Admin. News, pp. 3663, 3664.

■ The significance of this language appears when we note the very expansive definition of "ground" given in *Sanders.*[3] Under *Sanders,* newly discovered evidence would not be a "newly asserted factual ground" but would nevertheless be a predicate for relief under the "ends of justice" language. In specifically observing that new evidence, though perhaps addressed to an issue previously determined—a "ground" in *Sanders'* lexicon—would be a "newly asserted factual ground for relief", Congress implicitly assumed that the rule in *Sanders* would survive despite the change in text. That this reasoning also applies to the development of new law seems clear. Just as newly discovered evidence can constitute a new factual ground, so, we believe, can new law constitute a new "other ground". And the courts, admittedly without much discussion, appear to have agreed. *Alford v. North Carolina,* 405 F.2d 340, 342–43 (4th

---

**2.** "When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier appli-

cation deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b).

**3.** "By 'ground,' we mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations." *Sanders, supra,* 373 U.S. at 16, 83 S.Ct. at 1077.

Cir. 1968), *reversed on other grounds,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[4]

■ Petitioner's claim, therefore, that *Morgan* works a significant retroactive change in the law is enough to surmount the hurdle of § 2244(b). But such a claim, by its nature, calls forth another doctrine that at least temporarily bars relief. So far as the record shows, no state court has had a chance to examine petitioner's claim that *Morgan* invalidates his guilty plea. With respect to claims of this sort, petitioners must ordinarily exhaust their state remedies. 28 U.S.C. § 2254; *Subilosky v. Massachusetts,* 412 F.2d 691 (1st Cir. 1969). *See also Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *United States ex rel. Sloan v. McMann,* 415 F.2d 275 (2d Cir. 1969); *Pennsylvania ex rel. Raymond v. Rundle,* 339 F.2d 598 (3d Cir. 1964); *James v. Copinger,* 428 F.2d 235 (4th Cir. 1970); *Donlavey v. Smith,* 432 F.2d 940 (5th Cir. 1970); *Donnell v. Nash,* 323 F.2d 850 (8th Cir. 1963); *Blair v. California,* 340 F.2d 741 (9th Cir. 1965). For this reason alone, the petition was properly dismissed.

*Affirmed.*

---

**4.** Some have argued that the *Sanders* rule can be read into § 2244(b) by interpreting that section as a grant of discretion: repetitive applications "*need* not be entertained". 28 U.S.C. § 2244(b) [emphasis added]. *See Developments in the Law—Federal Habeas Corpus,* 83 Harv.L.Rev. 1038, 1151–52 (1970). But this reading would leave petitioners at the mercy of the trial judge's discretion; and it would hardly confirm Congress's conclusion that "the court would be obliged to entertain" a writ based on new evidence. It would perhaps be possible to eliminate this danger by holding first that § 2244(b) grants the trial courts discretion to entertain such applications and then declaring that it is an abuse of discretion to refuse to hear them. This semantic sleight-of-hand is unjustifiable in the face of a statute specifically declaring that the lower courts "need not" entertain such applications. We think it more reasonable to hold that § 2244(b) takes a narrower view of the meaning of "ground" than did the *Sanders* Court.